IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01767-JLK-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

6575 MEADE COURT, ARVADA, COLORADO,
15150 ALMSTEAD STREET, DENVER, COLORADO,
U.S. BANK ACCOUNT #103657774396; and
LOTS 24 AND 27, BLOCK 2, HAWK RIDGE SUBDIVISION,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the **United States' Motion for Default Judgment and Final Order of Forfeiture Only as to Defendants 6575 Meade Court, 15150 Almstead Street, and U.S. Bank Account #103657774396** [Doc. #65, filed 9/21/07] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

On August 24, 2004, the United States filed the underlying civil forfeiture action pursuant to 21 U.S.C. § 881. In its Amended Verified Complaint for Forfeiture In Rem [Doc. #14] ("Complaint"), the United States asserts the following:

1. Defendant 6575 Meade Court, Arvada, Colorado, Lot 7, Block 1, Lakeshore Estates Filing Number 1, Adams County, Colorado, titled in the name of Barbara Zapata, constitutes (a) property used or intended to be used as a container for controlled substances in violation of 21 U.S.C. § 801 *et seq.*, and (b) real property used or intended to be used in any manner or part to

commit or to facilitate the commission of a violation of 21 U.S.C. § 801 *et seq*., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(3);

2. Defendant 15150 Almstead Street, Denver, Colorado, Lot 1, The Estates at Bromley South Amended, Adams County, Colorado, tilted in the names of Carlos Zapata and Barbara Zapata, constitutes a thing of value and proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. § 801 *et seq*., and therefore is forfeited to th United States pursuant to 21 U.S.C. § 881(a)(6); and

3. Defendant US Bank Account #103657774396, held in the name of Carlos Trucking, Carlos Z. Hernandez, constitutes moneys and negotiable instruments, furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and all moneys and negotiable instruments used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq*., and therefore is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

All known interested parties have been provided an opportunity to respond, and publication has been effected as required by Supplemental Rule G(4).[1]  After notice, there have been no Claims, Answers, or other responsive pleadings filed by Carlos Zapata in this matter as to defendants 6575 Meade Court; 15150 Almstead Street; and U.S. Bank Account as required by Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, 18 U.S.C. §983(a)(4).  Entry of Default was made by the Clerk of the Court on September 14, 2007.

---

[1] The Supplemental Rules are part of the Federal Rules of Civil Procedure, and they govern procedure in civil forfeiture actions. The Federal Rules of Civil Procedure apply to civil forfeiture actions to the extent they are not inconsistent with the Supplemental Rules. Supplemental Rule A.

In United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two Dollars and 43/100 Dollars ($149,442.43) in United States Currency, 965 F.2d 868 (10th Cir. 1992), the Tenth Circuit Court of Appeals held:

> A forfeiture proceeding is an *in rem* proceeding brought against the property seized pursuant to the legal fiction that the property itself is guilty of a crime or is proceeds of a crime. In forfeiture proceedings, the government bears the initial burden to show probable cause for the institution of the forfeiture action. Once probable cause has been established, the claimant bears the burden of proving that the requested forfeiture does not fall within the four corners of the statute. If no such rebuttal is made, a showing of probable cause alone will support a judgment of forfeiture.
>
> * * *
>
> The test for determining probable cause for forfeiture purposes is the same as applies in arrests, searches and seizures. Accordingly, the government must demonstrate a reasonable ground for belief of guilt supported by less than prima facie proof, but more than mere suspicion. Circumstantial evidence of drug transactions may support the establishment of probable cause. However, the presence or absence of any single factor is not dispositive.

965 F.2d at 876 (internal quotations and citations omitted).

The uncontroverted facts and verification set forth in pages 2-24 of the Complaint establish that reasonable cause existed for the seizure of the defendant properties. Accordingly,

I respectfully RECOMMEND that the Motion be GRANTED.

I further RECOMMEND that default judgment and forfeiture enter in favor of the United States and that all right, title, and interest in and to the following property be entered in favor of the United States:

a. 6575 Meade Court, Arvada, Colorado more particularly described as: Lot 7, Block 1, Lakeshore Estates Filing Number 1, Adams County, Colorado;

    b.        15150 Almstead Street, Denver, Colorado more particularly described as: Lot 1, The Estates at Bromley South Amended, Adams County, Colorado; and

    c.        Funds seized from U.S. Bank Account #103657774396;

I further RECOMMEND that the United States shall have full and legal title to the defendant property and may dispose of said property in accordance with law.

I further RECOMMEND that the Default Judgment and Final Order of Forfeiture serve as a Certificate of Reasonable Cause under 28 U.S.C. §2465.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 1, 2008.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge