IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01767-JLK-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

6575 MEADE COURT, ARVADA, COLORADO,
15150 ALMSTEAD STREET, DENVER, COLORADO,
U.S. BANK ACCOUNT #103657774396; and
LOTS 24 AND 27, BLOCK 2, HAWK RIDGE SUBDIVISION,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the United States' **Motion for Partial Default Judgment and Final Order of Forfeiture Only as to Jaime Zapata's Interest in Defendant Lots 24 and 27** [Doc. #91, filed 5/2/08] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

On August 24, 2004, the United States filed the underlying civil forfeiture action pursuant to 21 U.S.C. § 881. In its Amended Verified Complaint for Forfeiture In Rem [Doc. #14] ("Complaint"), the United States asserts the following:

Defendant Lots 24 and 27, Hawk Ridge Subdivision, Adams County, Colorado, titled in the names of Carlos Zapata and Jaime Zapata,[1] constitute things of value and proceeds traceable

---

[1] Partial default judgment and forfeiture of Carlos Zapata's interest in Defendant Lots 24 and 27 has been entered. *Partial Default Judgment and Final Order of Forfeiture Only as to Carlos Zapata's Interest in Defendant Lots 24 and 27* [Doc. #89, entered 4/28/08].

to an exchange of controlled substances in violation of 21 U.S.C. § 801, *et seq*., and are therefore forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6). *Complaint*, ¶¶ 24, 35.

All known interested parties have been provided an opportunity to respond, and publication has been effected as required by supplemental Rule G(4).[2] After notice, Jaime Zapata filed a document entitled "In Response to the United States of America's Claim for Forfeiture In Rem Dated December 2, 2004," which I construed as Mr. Zapata's claim to the property. *Order* [Doc. #79, entered 3/28/08]. Mr. Zapata failed to file an answer, and partial default of Defendant Lots 24 and 27, Block 2, Hawk Ridge Subdivision- Jaime Zapata's Interest Only was entered pursuant to Fed.R.Civ.P. 55(a). Id.; *Entry of Default* [Doc. #80, entered 3/31/08].

In United States v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two Dollars and 43/100 Dollars ($149,442.43) in United States Currency, 965 F.2d 868 (10th Cir. 1992), the Tenth Circuit Court of Appeals held:

> A forfeiture proceeding is an *in rem* proceeding brought against the property seized pursuant to the legal fiction that the property itself is guilty of a crime or is proceeds of a crime. In forfeiture proceedings, the government bears the initial burden to show probable cause for the institution of the forfeiture action. Once probable cause has been established, the claimant bears the burden of proving that the requested forfeiture does not fall within the four corners of the statute. If no such rebuttal is made, a showing of probable cause alone will support a judgment of forfeiture.
> \* \* \*
> The test for determining probable cause for forfeiture purposes is the same as applies in arrests, searches and seizures. Accordingly,

---

[2]The Supplemental Rules are part of the Federal Rules of Civil Procedure, and they govern procedure in civil forfeiture actions. The Federal Rules of Civil Procedure apply to civil forfeiture actions to the extent they are not inconsistent with the Supplemental Rules. Supplemental Rule A.

> the government must demonstrate a reasonable ground for belief of guilt supported by less than prima facie proof, but more than mere suspicion. Circumstantial evidence of drug transactions may support the establishment of probable cause. However, the presence or absence of any single factor is not dispositive.

965 F.2d at 876 (internal quotations and citations omitted).

The uncontroverted facts and verification set forth in pages 2-24 of the Complaint establish that reasonable cause existed for the seizure of the defendant property. Accordingly,

I respectfully RECOMMEND that the Motion be GRANTED.

I further RECOMMEND that default judgment and forfeiture as to Jaime Zapata's interest in defendant Lots 24 and 27, Block 2, Hawk Ridge Subdivision, County of Adams, State of Colorado, including all right, title, and interest in and to the property be entered in favor of the United States.

I further RECOMMEND that this Partial Default Judgment and Final Order of Forfeiture shall serve as a Certificate of Reasonable Cause under 28 U.S.C. §2465.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 6, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge